STONE'S PHARMACY, INC., Appellant,

v.

PHARMACY ACCOUNTING MANAGE-
MENT, INC. d/b/a PAM Computer Sys-
tems; FoxMeyer Corporation, Appellee.

STONE'S PHARMACY, INC., Appellant,

v.

FOXMEYER TBL, INC.; and Foxmeyer
Information Systems, Inc., Appellee.

No. 88–2071.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 9, 1989.

Decided May 22, 1989.

Rehearing and Rehearing En Banc Denied
June 28, 1989.

Stanley D. Rauls, Little Rock, Ark., for appellant.

Mark R. Randall, Dallas, Tex., for appellee.

Before WOLLMAN and BEAM, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.

BEAM, Circuit Judge.

Stone's Pharmacy appeals the district court's dismissal of its action against Pharmacy Accounting Management, Inc. (PAM) and FoxMeyer.[1] We reverse.

## I. Background

We will discuss the facts of this case only briefly. They are set out in more detail in our earlier decision in this case, *Stone's Pharmacy, Inc. v. Pharmacy Accounting Management, Inc.*, 812 F.2d 1063 (8th Cir.1987) (*Stone's Pharmacy I*).

In December of 1984, Stone's Pharmacy purchased a pharmacy computer system from PAM. Included in the sale was a maintenance agreement requiring PAM to provide updated information on a continuing basis and maintenance for the computer hardware as needed.

In January of 1985, FoxMeyer purchased a portion of the assets of PAM.[2] Following the purchase, neither PAM nor FoxMeyer provided maintenance under the agreement. Consequently, Stone's Pharmacy filed this action against PAM and FoxMeyer. Stone's Pharmacy alleged several causes of action including claims that PAM breached the maintenance agreement, that FoxMeyer failed to comply with the Bulk Transfers Act[3], and that FoxMeyer had tortiously interfered with the maintenance contract between PAM and Stone's Pharmacy by purchasing PAM's inventory and assets.

After Stone's Pharmacy filed suit, PAM filed for bankruptcy under Chapter 7 of the Bankruptcy Code. Prior to trial, the district court granted summary judgment in favor of FoxMeyer. On appeal, this court reversed and remanded the case for further consideration.

On remand the district court dismissed the case. The court held that PAM was an indispensable party and that PAM's bankruptcy prevented further proceedings in this case. The court also held that the Bulk Transfers Act cause of action belonged to all of PAM's creditors, even though it was brought by Stone's Pharmacy. The court found that the claim, therefore, was property of PAM's bankruptcy estate and could only be asserted in bankruptcy proceedings.

## II. Discussion

### A. Dismissal of bulk transfer claim

#### 1. Necessary party

As indicated, the district court dismissed Pharmacy's claim under the Bulk Transfers Act because the court concluded that PAM was a necessary party to the action. The district court concluded that without PAM, complete relief could not be afforded because Stone's Pharmacy could not perfect its breach of contract claim against PAM. In addition, the court was concerned that PAM's trustee in bankruptcy, acting on behalf of all of PAM's creditors, might have an interest in the transferred assets which interest could not be protected if Stone's Pharmacy were allowed to proceed with its claim against the transferred assets without PAM or the trustee as a party.

The court also concluded that, due to the imposition of the automatic stay of 11 U.S.C. § 362 (Supp. IV 1986), PAM was no longer a party to the action and could not

---

1. FoxMeyer refers to FoxMeyer Corporation, FoxMeyer–TBL, Inc. and FoxMeyer Information Systems, an interrelated group of companies.

2. Exactly what portion of PAM's assets was transferred is disputed. *Stone's Pharmacy I*, 812 F.2d at 1067 and n. 4.

3. We determined in our earlier opinion that the Texas Bulk Transfers Act applies in this case because the agreement between PAM and FoxMeyer indicated that the assets and inventory transferred by PAM were located in Texas. *Stone's Pharmacy I*, 812 F.2d at 1065 (citing Tex.Bus. & Com.Code Ann. § 6.102(d)).

become a party until the bankruptcy proceedings had concluded. Thus, because an indispensable party was unavailable, the action was dismissed.

The purpose of the Bulk Transfers Act is to protect a transferor's creditors by requiring the transferee to give notice of the transfer of assets. This allows creditors to make whatever arrangements are necessary to protect any rights the creditors may have in the assets which are to be transferred. If a creditor is not given the required notice, then the Act gives the creditor the opportunity to protect his interests in the property even after the transfer has occurred. The Act, however, does not set forth the nature of the remedies which are available to creditors if the requirements of the Act are not met. It states only that the bulk transfer "is ineffective against any creditor of the transferor" who does not receive notice of the transfer. Tex.Bus. & Com.Code Ann. § 6.105. Under Texas law, if the creditor has a judgment against the transferor then he has the same rights to levy upon the property as he would have if the property were still in the possession of the transferor. *Anderson & Clayton Co. v. Earnest*, 610 S.W.2d 846, 848 (Tex.Civ.App.1980). If the creditor does not have a judgment against the debtor the creditor may seek a judgment from the debtor "and also seek to have the bulk sale set aside, further transfers enjoined, and a receiver or trustee appointed or designated to gather the assets and preserve them for distribution pro rata among the creditors." *Id.* (citing *Southwestern Drug Corp. v. McKesson & Robbins, Inc.*, 172 S.W.2d 485, 486 (Tex. 1943)).

Although Stone's Pharmacy does not have a judgment against PAM, it may still proceed in its claim under the Act against FoxMeyer without PAM as a party to the action. Pharmacy's claim against FoxMeyer is simply that the transfer of the assets from PAM to FoxMeyer was made in violation of the Act. PAM is not necessary to make that determination. Consequently, we remand this case to the district court to resolve the factual issues that the earlier panel of this court directed the district

court to resolve, i.e., (a) what part of PAM's assets was transferred, (b) whether it was a "major part" as required by the Act, and (c) whether the exception of section 6.103(3) applies. *Stone's Pharmacy I,* 812 F.2d at 1066–67. If the district court finds that a violation of the Bulk Transfers Act did occur, it should order a gathering of the assets (or their value) to be held until the rights of PAM's creditors, including Stone's Pharmacy, have been determined in the appropriate forum.

### 2. Automatic stay

■ The district court also held that Pharmacy's cause of action under the Bulk Transfers Act should be dismissed because the claim is property of the bankruptcy estate and can be brought only in bankruptcy proceedings. The court based this conclusion, in part, on the analysis of the Fifth Circuit in *In re MortgageAmerica Corp.,* 714 F.2d 1266 (5th Cir.1983).

In *In re MortgageAmerica,* the Fifth Circuit determined that the creditor's claims against the sole shareholder of a debtor corporation were subject to the automatic stay because the claims themselves were property of the debtor corporation or involved property of the corporation. *Id.* at 1277. Using the Fifth Circuit's analysis, the district court determined that the Bulk Transfers Act claim was property of PAM's bankruptcy estate and concluded that the claim was subject to the automatic stay and should be dismissed.

We disagree that the Fifth Circuit's analysis in *In re MortgageAmerica* is applicable to Pharmacy's claim against Fox-Meyer. Pharmacy's claim under the Act, at least as limited by this opinion, is separate from any claim Stone's Pharmacy has against PAM and therefore PAM's bankruptcy and the automatic stay do not affect the continuation of this action. We agree that Stone's Pharmacy cannot reduce its claim against PAM to judgment in this action without the permission of the bankruptcy court. And, from the rulings previously made by the bankruptcy court, it appears that Pharmacy's claim against PAM will be litigated in the bankruptcy

proceedings. Such litigation, however, does not extinguish the rights of Stone's Pharmacy to seek to assemble the transferred assets for proper distribution when all interests are determined, especially since the record indicates that the bankruptcy trustee has apparently chosen not to pursue the bulk transfers claim in the bankruptcy proceeding or otherwise.

### B. Dismissal of tortious interference claim

Stone's Pharmacy also asserted a claim against FoxMeyer for tortious interference with the maintenance contract between PAM and Stone's Pharmacy. The district court dismissed this claim at the same time it dismissed the bulk sales claim. Although the court dismissed both of Pharmacy's claims, it discussed its reasons for the dismissal only in connection with the claim under the Bulk Transfers Act. Assuming that the court dismissed the tort claim for the same reasons, we find that the court erred in doing so.

█ It is clear that PAM is not a necessary party to the tort claim. Although the claim arose out of the sale of PAM's assets to FoxMeyer, there is no need for PAM to be involved in the action. Any potential liability on the part of PAM for breach of contract is irrelevant to this claim. The fact that PAM failed to perform the contract is simply an element of proof which Stone's Pharmacy has the burden of showing.

█ It is also apparent that this cause of action has no connection with the bankruptcy proceedings of PAM and therefore the automatic stay would not be applicable. Consequently, we find that dismissal of this claim was not proper and that the automatic stay does not affect the continuance of this claim.

### III. Conclusion

For the foregoing reasons, the judgment of the district court is reversed and remanded with instructions to reinstate the action, complete limited proceedings under the Bulk Transfers Act claim, and allow the tortious interference claim to proceed un-

less it is otherwise not viable under the law.